

No. 3:16-cv-936-CWR-FKB

CAROL HESTER,

*Plaintiff,*

v.

JACKSON PUBLIC SCHOOL DISTRICT, ET AL.

*Defendants.*

ORDER

Before CARLTON W. REEVES, *District Judge*.

It was 4:04 in the afternoon on Halloween—about the time people with kids were wondering if the weather would hold out for trick-or-treating.[1] Attorney Joel Dillard was working. He was trying to plan out Carol Hester's case.

---

[1] The Court realizes everyone does not celebrate Halloween or go trick-or-treating. Some may prepare for harvest festivals, trunk-or-treating, or

Hester, a security guard for the local public school district, claimed she was paid less than a less-experienced man for the same work.[2] Dillard thought he was on to something. The evidence he had gathered showed a pay disparity. But he needed more time to write his summary judgment briefs.

So at 4:04, Dillard sent a courteous email to the attorney for the school district, Steve Lacey:

> *Hi Steve,*
>
> *I'm noticing that the deadline for oppositions to dispositive motions falls right after Thanksgiving, and I already know I'm going to need additional time. I also expect that you may want more than 7 days for reply briefing - particularly in late December. How would you feel about a December 18th deadline for the Opposition and January 11th deadline for the Reply?*
>
> *Also, if you anticipate needing more than 35 pages for the memoranda, let me know what you'd like. Ideally I'd love to give the Court an agreed order on these issues before the briefing begins.*
>
> *Joel Dillard*

Lacey didn't respond that day or the day after. He didn't respond the next week. In fact, he never responded at all. That was not nice. Instead, right on the November 15 deadline, Lacey filed four motions for summary judgment and four

---

fall carnivals instead. Those without children might rush home to make sure the trick-or-treaters are not disappointed.

[2] In addition to the school district, Hester sued its interim superintendent, chief and deputy chief of security, and director of human resources. They all are represented by the same counsel.

supporting memoranda. The filings spanned *977* pages of evidence and *87* pages of argument.

If Dillard wanted more time *before* seeing this voluminous submission, he would definitely want more time now.

Dillard didn't delay. Eleven minutes after Lacey finished filing, Dillard moved for an extension. He sought about three additional weeks for his responses (to December 18) and even requested extra time for Lacey to file reply briefs (to January 11). Dillard also requested that the response and reply briefs be consolidated and extended to 50 pages per side. Dillard attached his email to Lacey and noted the non-response.

Dillard, however, then went further. He also sought the Court's permission to file a cross-motion for summary judgment. This was a request he had never broached with Lacey. And this request apparently crossed some sort of red line.

An irritated Lacey called the Magistrate Judge's chambers. He said he was *very* opposed to Dillard's motion and asked the Magistrate Judge to hold off on ruling so that he could respond.[3] His heated opposition brief followed three days later—on a Sunday night. In it, Lacey argued that any extension, of time or of pages, would be "substantially prejudicial," "unjust," and "inappropriate." He didn't just object, he "strenuously" objected.[4]

At this point, the Court decided to intervene. On November 20, the Court entered an Order asking Lacey to clarify

---

[3] The call was memorialized on the Court's non-public docket sheet.

[4] "Oh. Well, if you *strenuously* object then I should take some time to reconsider." A FEW GOOD MEN (Columbia Pictures 1992).

3

whether he had ever responded to Dillard's first email. Lacey admitted that he had not. He "did not find the requests reasonable or necessary."

On December 18, Dillard filed a consolidated response and accompanying 50-page brief.

On December 19, Lacey filed four identical motions to strike—one on behalf of each defendant. He argued that Dillard's summary judgment response and memo should be stricken as untimely, since the Court had never ruled on Dillard's motion for additional time.

* * *

I have jurisdiction over the parties and the attorneys, and have read all of their submissions. My ruling is as follows:



This is a classic situation of tit-for-tat retaliation.

Lacey refused to respond to counsel opposite's simple scheduling request. That was impolite. Dillard struck back by asking the Court for relief (permission to file a late cross-motion) that he had never run by Lacey. That was a mistake. Lacey

then called chambers—possibly *ex parte*, I do not know—and opposed even a modest extension of time around the holiday season, contrary to our customs of professional courtesy. Finally, Lacey compounded his errors by filing the same motion four times in a row.[5]

Litigation is contentious. I understand—I do. But I expect every attorney who practices before me to go about his or her work with a basic level of decorum. You owe it not just to your clients or the Bar. You also owe it to yourself. Your reputation precedes you, stays with you on every matter on which you work, and is the only thing left when the matter concludes. Protect it as zealously as you would your clients.

At the end of the day, Dillard will receive everything he professionally asked for on October 31. He gets his additional response time and pages.[6] Lacey, though, makes a valid

---

[5] I certainly hope taxpayers will not have to foot the bill for that, but since Lacey is representing a public body, the public is probably paying for this excessive rancor one way or another. (If JPS is not paying the fees directly, it is paying the premiums of the insurance carrier which has hired counsel to represent the district.) For this behavior any amount paid is too much.

[6] Extra pages in this instance is beyond appropriate. Dillard sought to file (and filed) one consolidated response to Lacey's four motions. That is far superior to the 140 pages of (likely redundant) briefing he might have attempted to justify under Local Rule 7(b)(5). Dillard also did not move to strike his opponent's briefs, an option which very well may have been available. *See Precision Spine, Inc. v. Zavation, LLC*, No. 3:15-cv-681-LG-RHW, 2017 WL 939278, at *2 (S.D. Miss. Mar. 8, 2017) (striking duplicative summary judgment motions because "a single filing, even if somewhat over the . . . page limit, is vastly preferable to a profligacy of motions").

objection to Dillard's belated request to file a cross-motion for summary judgment. We will proceed without any cross-motion.

Dillard's motion is granted in part and denied in part, while Lacey's motions to strike are denied. The Court will take up the motions for summary judgment in due course.

SO ORDERED, this the 28th day of January, 2019.

s/ Carlton W. Reeves<br>
*United States District Judge*